IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**LOURDES SANCHEZ**                                                    **PLAINTIFF**

vs.                                             No. 3:21-cv-71

**SHIRLEY A. PALACIOS and**                                   **DEFENDANTS**
**JORGE T. GUARDADO**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Lourdes Sanchez ("Plaintiff"), by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Defendants Shirley A. Palacios and Jorge T. Guardado (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff overtime compensation for all hours that Plaintiff worked in excess of forty per week.

2.    Plaintiff also brings this action under the Families First Coronavirus Response Act, Division E—Emergency Paid Sick Leave Act, 29 U.S.C. § 2601, *et seq.* ("FFCRA"), for declaratory judgment, monetary damages, reinstatement, and a reasonable attorney's fee and costs as a result of Defendants' failure to provide paid sick time to Plaintiff and Plaintiff's wrongful termination under the FFCRA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant conducts business within the State of Texas.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

6. The acts complained of herein were committed and had their principal effect against Plaintiff within the Dallas Division of the Northern District of Texas, and venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff is an individual and resident of Dallas County.

8. Separate Defendant Shirley A. Palacios ("Palacios") is an individual and resident of Texas.

9. Separate Defendant Jorge T. Guardado ("Guardado") is an individual and resident of Texas.

10. Defendants do business as JSE Freight Solution, Inc., which is an inactive corporation listed with the Texas Secretary of State.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. Defendant's primary business is booking freight loads.

13. Palacios had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedules, and made decisions regarding Plaintiff's pay, or lack thereof.

14. Palacios, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

15. Guardado had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedules, and made decisions regarding Plaintiff's pay, or lack thereof.

16. Guardado, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

17. Defendants are "employers" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, Plaintiff's employers.

18. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

19. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that

are separately stated) during each of the three calendar years preceding the filing of this Complaint.

20. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

21. Plaintiff worked for Defendants as a dispatcher from May of 2018 until June of 2020.

22. Plaintiff's primary duties were to book loads for trucking companies.

23. Plaintiff was paid on a piece-rate basis; she was not paid a salary and she was not paid by the hour.

24. Plaintiff was paid $50.00 for each load she booked.

25. At all relevant times herein, Defendants directly hired Plaintiff to work on their behalf, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

26. Defendants classified Plaintiff as an independent contractor and exempt from the overtime requirements of the FLSA.

27. Plaintiff's work followed the usual path of employer-employee relationships; Defendant treated her as an independent contractor only for tax purposes and for Defendant's convenience.

28. Defendant, at all times relevant hereto, knew that Plaintiff was acting as an employee, rather than as an independent contractor, and treated her as an employee.

29. Defendant expected Plaintiff to work, and Plaintiff generally did work, from around 6:30 AM until 5:00 or 6:00 PM. Although there was no set time to clock out or end the workday, Defendant would determine when the workday ended because Defendant controlled Plaintiff's workload.

30. Defendant required Plaintiff to satisfy whatever needs and requirements Defendant and Defendant's customers had.

31. Defendant expected Plaintiff to follow Defendant's policies regarding her employment.

32. Plaintiff was required to complete the tasks Defendant assigned to her or risk being disciplined, including termination.

33. Plaintiff did not manage Defendant's enterprise or a customarily recognized subdivision of the enterprise.

34. Plaintiff did not exercise discretion and independent judgment with respect to any matters of significance.

35. Plaintiff sought direction from Defendants in lieu of making significant decisions on her own.

36. Plaintiff was hired to work for Defendant for a continuous and ongoing period of time.

37. Plaintiff did not select any employees for hire, nor did she have any ability to fire employees.

38. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

39. Defendant determined Plaintiff's pay scale for services without input from or negotiation with Plaintiff.

40. Defendant set prices for services without input from or negotiation with Plaintiff.

41. Defendant made decisions regarding advertising Defendant's business without Plaintiff's input.

42. Defendant made decisions regarding what new business to pursue or take without Plaintiff's input.

43. Plaintiff did not negotiate contracts or prices with Defendant's customers.

44. Defendant directed Plaintiff in her job duties.

45. Plaintiff had no investment in Defendant's business or operations.

46. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

47. Plaintiff regularly worked more than forty hours per week.

48. Plaintiff estimates she worked approximately sixty to seventy hours per week.

49. Defendants did not pay Plaintiff an overtime premium for hours worked over forty per week.

50. Plaintiff called Guardado each morning when she began work.

51. Plaintiff has timestamped emails for each load that she booked.

52. Defendants told Plaintiff that she was required to be available 24 hours per day, 7 days per week.

53. Defendants knew or should have known that Plaintiff was working additional hours off-the-clock for which they were not compensated.

54. At all relevant times herein, Defendants have deprived Plaintiff of proper overtime compensation for all the hours worked over forty per week.

55. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

56. In June of 2020, Plaintiff began manifesting symptoms associated with COVID-19.

57. On June 23, Plaintiff was tested for COVID-19.

58. On June 27, Plaintiff received positive test results.

59. Plaintiff notified Defendants that she was unable to work due to her COVID-19 diagnosis and asked for paid sick leave pursuant to the FFCRA, but Defendants refused to provide her with paid sick leave.

60. On June 29, Defendants notified Plaintiff that her employment had been terminated.

### V.   FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

61. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

62. Plaintiff asserts these claims for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

63. At all relevant times, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

64. At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

65. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

66. Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

67. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

68. Defendants failed to pay Plaintiffs for all hours worked.

69. Defendants' failure to pay Plaintiff all overtime wages was willful.

70. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI.   SECOND CLAIM FOR RELIEF—VIOLATION OF THE FFCRA

71. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

72. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FFCRA, 29 U.S.C. § 5101, *et seq.*

73. At all relevant times, Defendants were Plaintiff's "employers" within the meaning of the FFCRA, 29 U.S.C. § 5110(2).

74. At all relevant times, Plaintiff was an "employee" within the meaning of the FFCRA, 29 U.S.C. § 5110(1).

75. Section 5102 of the FFCRA requires employers to provide paid sick leave to each full-time employee for up to eighty hours. Any employer who fails to provide paid sick leave shall be considered to have failed to pay minimum wages in violation of the FLSA.

76. Defendants failed to pay Plaintiff sick leave, despite Plaintiff's entitlement thereto.

77. Defendants terminated Plaintiff's employment in violation of Section 5104 of the FFCRA.

78. Defendants knew or should have known that their practices violated the FFCRA.

79. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

80. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, reinstatement, prejudgment interest, and costs, including reasonable attorney's fees as provided by the FFCRA.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lourdes Sanchez respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendants' practices alleged herein violate the FLSA and its related regulations;

C. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and its related regulations;

D. Judgment for liquidated damages pursuant to the FLSA and its related regulations;

E. Judgment for damages suffered by Plaintiff for all unpaid wages under the FFCRA and its related regulations;

F. Judgment for liquidated damages pursuant to the FFCRA and its related regulations;

G. Reinstatement of Plaintiff to her former employment under 29 U.S.C. § 216(b);

H. An order directing Defendants to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

I. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF LOURDES SANCHEZ**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com